```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
ERNESTO SOBERANIS,                                             :
                                                               :
                         Plaintiff,                            :     OPINION AND ORDER
                                                               :
            -v.-                                               :     15 Civ. 1161 (GWG)
                                                               :
                                                               :
CITY OF NEW YORK,                                              :
                                                               :
                         Defendant.                            :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Ernesto Soberanis, currently an inmate in the Watertown Correctional Facility in Watertown, New York, brought this suit pro se under 42 U.S.C. § 1983 against the City of New York ("the City") and the New York State Department of Corrections and Community Supervision ("DOCCS"). Complaint, dated Feb. 16, 2015 (Docket # 2) ("Compl."). Soberanis alleges that he was illegally confined at the Queensboro Correctional Facility ("Queensboro") in New York City for approximately two weeks. See id. at *2, *8.[1] DOCCS was previously dismissed as a defendant. See Order, dated Mar. 31, 2015 (Docket # 6). The sole remaining defendant in this case, the City, has moved for summary judgment.[2]

---

[1] "*___" refers to page numbers assigned by the ECF system.

[2] See Notice of Motion for Summary Judgment, dated Nov. 21, 2016 (Docket # 48); Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, dated Nov. 21, 2016 (Docket # 49) ("56.1 Statement"); Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment, dated Nov. 21, 2016 (Docket # 50); Declaration of Okwede N. Okoh in Support of City Defendant's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure, dated Nov. 21, 2016 (Docket # 51) ("Okoh Decl."); Memorandum of Law in Support of Defendant's Motion for Summary Judgment, dated Nov. 21, 2016 (Docket # 52) ("Def. Mem."); "Memo Endorsed Letter from Ernesto Soberanis," dated Nov. 29, 2016 (Docket # 53); "Memo Endorsed Letter from Ernesto Soberanis," dated Dec. 12, 2016 (Docket # 54); Motion in Opposition to Summary Judgement, dated Dec. 14, 2016 (Docket # 55) ("Pl.

For the following reasons, the City's motion for summary judgment is granted.

I.      FACTS

On a motion for summary judgment, we "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion," Scott v. Harris, 550 U.S. 372, 378 (2007) (citation, brackets, and internal quotation marks omitted) — in this case, Soberanis.[3]

On September 3, 2014, while he was on parole for a 2006 burglary conviction, Soberanis was arrested for another burglary.  See "Transcript of Deposition of Ernesto Soberanis," dated Aug. 23, 2016 (attached as Ex. B to Okoh Decl.) ("Pl. Dep."), 28:24-29:2, 31:5-20.  That arrest resulted in Soberanis being sentenced to serve 90 days in jail at Queensboro for a violation of his parole.  See 56.1 Statement ¶¶ 2-4; Pl. Dep. 34:4-35:13.

On December 22, 2014, while Soberanis was serving his sentence for the parole violation, see 56.1 Statement ¶¶ 1-2; Pl. Dep. 34:4-35:13, a Bronx County Supreme Court Justice, Justice Richard Lee Price, issued an Order to Produce, which recited that Soberanis had been indicted, see Order to Produce, dated Dec. 22, 2014 (attached as Ex. C to Okoh Decl.)

---

Opp'n"); Defendant's Reply Memorandum of Law in Support of the City of New York's Motion for Summary Judgment, dated Jan. 25, 2017 (Docket # 57) ("Def. Reply").

[3]  The City accurately points out that Soberanis failed to submit a response to the City's Local Rule 56.1 statement and asks that its contentions be deemed admitted.  See Def. Reply at 3.  In light of Soberanis's pro se status, and the fact that he submitted a sworn statement in opposition to the City's motion, we elect to ignore this procedural failure.  See, e.g., Mateo v. Bristow, 2014 WL 4631569, at *1 (S.D.N.Y. Sept. 17, 2014) ("Given that [plaintiff] is proceeding pro se and made an effort to respond to the motion for summary judgment by submitting an affidavit, this Court exercises its discretion to excuse [plaintiff's] failure to the extent that [plaintiff] has provided admissible evidence controverting the facts in defendants' Rule 56.1 statement.") (citations omitted).  Soberanis's failure is of no practical significance inasmuch as the parties agree on the essential facts.

("Order to Produce") — apparently for an April 2014 burglary, not the September 2014 burglary, see Pl. Dep. 31:14-32:16, 34:4-36:6, 37:20-42:4; 56.1 Statement ¶¶ 3-5.  The Order to Produce required that the Warden of Queensboro produce Soberanis in Bronx County Supreme Court on December 24, 2014, so that the Bronx District Attorney could proceed on the indictment against him.  The record contains a copy of the arrest warrant related to the indictment for the April burglary.  Warrant of Arrest, dated Dec. 23, 2014 (attached as Ex. D to Okoh Decl.) ("Warrant"); see also 56.1 Statement ¶¶ 5-7; Pl. Opp'n at *1.  The Order to Produce directed that Soberanis be "returned" to Queensboro following his court appearance.

Queensboro is a New York State correctional facility.  56.1 Statement ¶ 1; Pl. Dep. 30:18-21.  In compliance with the Order to Produce, two New York State correctional officers took Soberanis to the Bronx County courthouse on December 24, 2014.  Pl. Dep. 38:4-39:20.  The court was closed, however, and Soberanis was not arraigned.  See 56.1 Statement ¶¶ 9-10; Pl. Dep. 39:21-40:12.[4]  The officers then took Soberanis to the New York Police Department's ("NYPD") 42nd Precinct, where detectives processed Soberanis's arrest on the warrant.  56.1 Statement ¶¶ 7-10; accord Compl. at *8; Pl. Dep. 40:11-42:12.  After the arrest, Soberanis was returned to the Queensboro facility.  56.1 Statement ¶ 10; accord Compl. at *8; Pl. Dep. 40:3-20.

Soberanis alleges that he was due to be released from Queensboro on December 24, 2014, and asserts that the Superintendent of Queensboro "kept [Soberanis] there for 2 weeks

---

[4] We thus accept Soberanis's assertion, Pl. Opp'n at *2, that, notwithstanding a document that indicates he was arraigned on December 24, 2014, at 11:14 a.m, see id. at *13, he was not in fact arraigned on that date.

3

until 1/7/15," despite having "no right to hold [Soberanis] there."  Compl. at *8.  Soberanis was kept in the "SHU" at Queensboro during this period.  Pl. Dep. 44:6-46:13.[5]

On January 7, 2015, Soberanis was brought to court again and was arraigned on the indictment referenced in the Order to Produce.  See 56.1 Statement ¶ 12; Pl. Dep. 46:4-16, 57:7-16.  Soberanis ultimately pled guilty to the burglary charged in the indictment (as well as to another burglary) and was sentenced to 2-1/2 to 5 years imprisonment.  Pl. Dep. 57:25-58:9.

II.   LAW GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); accord Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (per curiam).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed," and the court must draw "all justifiable inferences" in favor of the non-moving party.  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)); accord Tolan, 134 S. Ct. at 1863.  Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

---

[5] SHU is the "Special Housing Unit," a form of solitary confinement in a New York State prison facility.  See generally Palmer v. Richards, 364 F.3d 60, 62, 64-65 & n.3 (2d Cir. 2004) (citing N.Y. Comp. Codes R. & Regs. tit. 7, §§ 304.1-.14, 305.1-.6); see also Pl. Dep. 27:8-9 (confirming that when Soberanis says "SHU" he refers to "solitary").

(1986) (citations, emphasis, and internal quotation marks omitted), and "may not rely on conclusory allegations or unsubstantiated speculation," Bermudez v. City of New York, 790 F.3d 368, 373-74 (2d Cir. 2015) (internal quotation marks omitted) (quoting Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005)).  In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256.  Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (alteration in original) (quoting  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).

Because Soberanis is proceeding pro se, we construe his papers "liberally and interpret them to raise the strongest arguments that they suggest." E.g., McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation and internal quotation marks omitted).  Nonetheless, "our application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003) (citation and internal quotation marks omitted).  These requirements include "compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (internal quotation marks omitted) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

III.     DISCUSSION

On March 31, 2015, Judge Torres dismissed all claims against DOCCS on Eleventh Amendment grounds.  See Order, dated Mar. 31, 2015 (Docket # 6).  Thus, no New York State actors or entities are defendants in this matter.  Only the City of New York remains as a defendant.  We will put to the side the fact that Soberanis has not purported to sue any individual City employees or officials, and that his only potential claim in this case is thus based on proving the existence of an unconstitutional "policy or custom" as described in Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  Whether this suit was brought against individual officers or against the City, it would have to be dismissed as Soberanis has not shown a federal constitutional violation by any City actor.

The only claims made in the complaint arise from the actions of the two NYPD detectives who arrested Soberanis on the burglary warrant.  Soberanis's claim arises from the fact that the two detectives did not take him to central booking and to court for arraignment immediately following his arrest, but instead returned Soberanis to the custody of Queensboro, where he remained for two weeks.  Compl. at *8.  In other words, Soberanis asserts that he was improperly confined at Queensboro rather than being brought to court to be arraigned on the indictment.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see 42 U.S.C. § 1983.  Section 1983 does not create any federal rights; rather, it provides a mechanism to enforce rights established elsewhere. Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002); accord Morris-Hayes v. Bd. of Educ. of Chester Union Free Sch.

6

Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

To the extent Soberanis intends to bring a claim for false arrest, any such claim would fail because the existence of an arrest warrant, as was true here, vitiates any claim of false arrest. See, e.g., Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest . . . .") (citations and internal quotation marks omitted); Johnson v. Pugh, 2013 WL 3013661, at *3 (E.D.N.Y. June 18, 2013) ("Where an arrest is made pursuant to a warrant, a plaintiff cannot make the essential showing that defendant confined him without justification; thus, there can be no claim for false arrest under § 1983.") (citation omitted).[6]

Soberanis, however, states that he is not asserting a claim for false arrest. See Pl. Opp'n at *1. Instead, he asserts that his continued detention at Queensboro was improper because he was not brought to a judge for arraignment. See Letter from Ernesto Soberanis, dated Dec. 3, 2015 (attached to Order, dated Dec. 9, 2015 (Docket # 19)) ("Soberanis Letter") ("My only point

---

[6] Soberanis questions the validity of the warrant by noting that the Order to Produce recites that a warrant was issued on December 22, 2014, but that the warrant in the record is dated December 23, 2014. See Pl. Opp'n at *1. While the City has not explained this discrepancy, it does not affect our analysis. The discrepancy may be explained by the fact that there was at one time an arrest warrant dated December 22, 2014, or that the date on the Order to Produce was in error. In any event, Soberanis has provided no evidence that the December 23, 2014, warrant was not itself valid. Moreover, Soberanis was indicted prior to his arrest and that indictment by itself provides probable cause vitiating any claim of false arrest. See, e.g., Zanfardino v. City of New York, 2017 WL 476725, at *7 (S.D.N.Y. Feb. 3, 2017) ("Because Plaintiff alleges that he was detained by [a detective] only after the grand jury issued the indictment — and was therefore only detained pursuant to legal process — the facts alleged in the complaint cannot form the basis for a claim of false arrest.").

Soberanis also denies the City's unsupported claim, see Def. Mem. at 4, that he was aware of the warrant before his arrest, see Pl. Opp'n at *1. However, Soberanis's awareness of the warrant plays no role in our reasoning.

7

of contention is that my civil/criminal rights were trampled from 12/24/14 thru 1/7/15. I was re-arrested and I was never afforded an[] opportunity to see a judge for arraignment as is required by law 'without unne[cessa]ry delay.'") (capitalization omitted). If we construe this claim as asserting that Queensboro should have released Soberanis on December 24, 2014, following the failed arraignment attempt, the problem with this claim is that the City police officers did not have custody of Soberanis after they processed him at the police station and returned him to Queensboro. The Order to Produce required Soberanis's return to Queensboro, and Soberanis was returned there on December 24, 2014. If Queensboro was not entitled to hold him after that date, any claim relating to Soberanis's confinement at Queensboro would have to be brought against a New York State actor, not a City actor.

Soberanis's challenge may be construed as focusing on the fact that the City delayed arranging to have him arraigned for two weeks following his arrest. As Soberanis notes, see Pl. Opp'n at *3; Soberanis Letter, section 120.90(1) of New York State's Criminal Procedure Law requires an officer making an arrest on a warrant to "without unnecessary delay bring the defendant before the local criminal court in which such warrant is returnable." While the delay here — even assuming it was attributable to City employees — may constitute a statutory violation of state criminal law, it does not result in a federal constitutional claim. In considering New York's similarly-worded statute regarding speedy arraignment following a warrantless arrest, see N.Y. Crim. Proc. Law § 140.20(1), the Second Circuit squarely held that because the statute was "a state rule of criminal procedure," it "does not create a liberty interest that is entitled to protection under the federal Constitution," Watson v. City of New York, 92 F.3d 31, 37-38 (2d Cir. 1996); accord Simmons v. Kelly, 2009 WL 857410, at *5 (S.D.N.Y. Mar. 31, 2009) (New York Criminal Procedure Law § 140.20(1) "does not create a

constitutionally-protected right"). Thus, there is no federal constitutional violation created by the similarly-worded New York Criminal Procedure Law § 120.90(1) where a person is not timely arraigned following an arrest based on a warrant.[7]

Certainly, the Fourth Amendment requires a speedy arraignment following an arrest made without probable cause, such as a warrantless arrest. See County of Riverside v. McLaughlin, 500 U.S. 44, 52 (1991) ("States must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest.") (emphasis and internal quotation marks omitted) (quoting Gerstein v. Pugh, 420 U.S. 103, 125 (1975)). In such a circumstance, the arraignment is normally expected to occur within 48 hours. See id. at 56. Here, however, there was already a probable cause determination made by virtue of the indictment. Thus, the doctrine articulated in County of Riverside does not apply.

As the City notes, the case of Wells v. Manhattan Criminal Court Arraignment # 3, 2000 WL 460458 (S.D.N.Y. Apr. 20, 2000), involved claims nearly identical to those of Soberanis. In Wells, the plaintiff was due to be released from a Brooklyn detention center when he was informed that a Manhattan arrest warrant had been issued against him. Id. at *1. Because of the arrest warrant, the plaintiff was detained for over two weeks until he was finally arraigned. Id. As was true here, the plaintiff in Wells brought a 42 U.S.C. § 1983 claim for the delay in his arraignment. See id. The court in Wells noted that the federal constitution requires speedy arraignment only when there has been an arrest without a probable cause determination. Id. at *1-2. It went on to state:

---

[7] Watson also held that there is no cause of action under state law in this situation. See 92 F.3d at 36-37.

> [Plaintiff] acknowledges that he was held based on an outstanding warrant. Moreover, he does not allege that he was denied any particular right that a prompt arraignment is designed to secure. Instead, he claims that the delay itself, and the daily transportation between Brooklyn and Manhattan during the time before he was arraigned, violated his constitutional rights. Absent an allegation of the deprivation of a right secured by prompt arraignment, however, a delay in arraignment does not in itself support a cause of action under Section 1983.

Id. at *2 (citations omitted). The same analysis applies here.

In Wells, the court concluded that a remedy for a delay in arraignment might be available in a claim for malicious prosecution. Id. (citations omitted). As stated in Wells, the elements of a malicious prosecution claim are "(1) the defendant commenced a criminal proceeding against [the plaintiff]; (2) the proceeding ended in the plaintiff's favor; (3) the defendant did not have probable cause to believe the plaintiff was guilty of the crime charged; and (4) the defendant acted with actual malice." Id. (citation omitted); accord Mitchell v. City of New York, 841 F.3d 72, 79 (2d Cir. 2016) (citations omitted). The court in Wells held that because the plaintiff had failed to allege that the related criminal proceedings ended in his favor, he had failed to state a claim for malicious prosecution. 2000 WL 460458, at *2-3.

We agree with the reasoning in Wells. Any potential claim for malicious prosecution would fail because Soberanis pled guilty to the burglary charge. See Pl. Dep. 57:25-58:9. Thus, there was not a "termination of the proceeding in [Soberanis's] favor." Mitchell, 841 F.3d at 79. Because this is a necessary element of a malicious prosecution claim, his challenge to the delay in arraignment must fail.

IV.   CONCLUSION

For the foregoing reasons, the City's motion for summary judgment (Docket # 48) is granted. The Clerk is requested to enter judgment and to close this case.

SO ORDERED.

Dated: New York, New York
       March 23, 2017

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge

Copies to:

Ernesto Soberanis
16 R 0695
Watertown Correctional Facility
P.O. Box 168
Watertown, New York 13601

Counsel by ECF